UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KHIRY ROUSER,

               Plaintiff,

v.

UNKNOWN WARD,

               Defendant.

_____/

Case No. 1:21-cv-338

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Sergeant Unknown Ward.

Plaintiff alleges that on August 12, 2020, his request for a grievance was denied by his floor officer, who screamed at him, so Plaintiff filed a grievance on him.  On August 24, 2020, Plaintiff was interviewed for the grievance by both Defendant and another sergeant, who is not a party in this case.  Defendant asked Plaintiff why he was grieving and, when Plaintiff explained, Defendant said "wow."  Defendant told Plaintiff that since Plaintiff already had grievance forms in his cell, Plaintiff's complaint regarding the floor officer was not a grievable issue.  Defendant informed Plaintiff that he was placing him on grievance restriction.  Defendant then told Plaintiff that he had better sign off on the grievance, but Plaintiff refused.  Plaintiff subsequently filed a grievance on Defendant for threatening him with a grievance restriction.

On August 25, 2020, Plaintiff had just gotten out of the shower and was given permission to give something to another inmate when Defendant yelled at him to go to his room before he got a ticket.  Plaintiff states that this was done in retaliation for his refusal to sign off on the grievance.

On August 29, 2020, Plaintiff received the step I grievance response to his August 12, 2020, grievance.  Plaintiff attaches a copy of the response to his complaint as an exhibit. According to the complaint summary, Plaintiff requested a grievance form from Defendant after receiving an order to return to his room.  Plaintiff complained that he was not given a form immediately, nor was he given one later when Defendant made rounds.  (ECF No. 1-1, PageID.12.) In the investigation summary, Defendant, who was the grievance respondent, states:

> On August 24, 2020, I interviewed prisoner Rouser #822775 in the HU4 Interview Room.  Prisoner Rouser stated to me that he requested the grievance at around 11:30 am in the day and that when Officer Pike came around for Nurse/Medication escort rounds he did not have a grievance.  I informed prisoner Rouser that there are block reps in HU4 that can provide him grievances.  Prisoner Rouser stated to me that he doesn't care, he has tons of grievances in his room; he just wanted Officer Pike to get him one when he was 'requested' to do so.

(*Id.*)  The decision summary indicates:

Based on my investigation I find no evidence to support prisoner Rouser not having access to grievances. Prisoner Rouser wanted Officer Pike to get him a grievance immediately, and prisoner Rouser had blank grievances already in his cell. Prisoner Rouser stated that he was grieving this to prove a point. This is not a grievable issue. Prisoner Rouser stated that he will continue to write non-sense [sic] grievances on staff to prove his point. I am requesting modified access.

Grievance is considered denied at Step I for the above noted reason.

(*Id.*)

On August 31, 2020, Plaintiff was placed on modified access to the grievance procedure. On September 3, 2020, Plaintiff filed a step II appeal, asserting that Defendant lied in the step I grievance response. (*Id.* at PageID.13.)

Plaintiff claims that as a result of Defendant's conduct, he was forced to forgo filing a grievance regarding the denial of a grievance form on August 12, 2020. In addition, Plaintiff suffered from emotional distress from Defendant's threats and from being placed on modified access. Plaintiff claims that Defendant violated his First Amendment right to be free from retaliation. Plaintiff seeks damages.

## II.    **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.  **Retaliation**

Plaintiff claims that Defendant retaliated against him in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to

4

prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted above, Plaintiff claims that Defendant retaliated against him for filing a grievance by having Plaintiff placed on modified access.  The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  However, the right to file grievances is protected only insofar as the grievances are not "frivolous."  *Herron*, 203 F.3d at 415.  "Abusive or manipulative use of a grievance system would not be protected conduct," *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012), and an "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory," *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002).  As the Supreme Court held in *Lewis v. Casey*, 518 U.S. 343 (1996), "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."  *Id.* at 353 n.3.

As noted above, Plaintiff's grievance was denied by Defendant because the floor officer's refusal to give Plaintiff a grievance form on August 12, 2020, did not prejudice Plaintiff, who already had blank grievances in his cell.  Plaintiff's desire to make a point by punishing his floor officer for failing to comply with his request for a grievance form was not a grievable issue. The Court concludes that Plaintiff's grievance was clearly frivolous.  Thus, Plaintiff was not engaged in protected conduct.

In addition, the Sixth Circuit has repeatedly held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim. *See, e.g., Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. Nov. 9, 2017); *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005) (per curiam), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. Sept. 26, 2001). Placement on modified access would not deter a person of ordinary firmness from continuing to engage in protected conduct, because modified-access status does not impair the ability to file civil rights actions in federal court. A plaintiff's placement on modified access to the grievance procedure merely enables prison officials to screen a plaintiff's grievances prior to filing to determine whether they were grievable, nonfrivolous, and nonduplicative. *See Kennedy*, 20 F. App'x at 471 (citing Mich. Dep't of Corr. Policy Directive 03.02.130(II)(PP)). For the same reasons that placement on modified grievance access does not amount to adverse action, an official's rejection or denial of a grievance is not sufficiently adverse to state a retaliation claim. *See, e.g., Branch v. Houtz*, No. 1:16-cv-77, 2016 WL 737779, at *6 (W.D. Mich. Feb. 26, 2016).

Because Plaintiff has failed to allege facts which show that he was engaged in protected conduct or that he was subjected to a sufficiently adverse action to implicate the First Amendment, his retaliation claim against Defendant is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same

reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes

that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369

U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good

faith. Should Plaintiff appeal this decision, he will be required to pay the $505.00 appellate filing

fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: __September 10, 2021__             __/s/ Janet T. Neff_____

                                          Janet T. Neff
                                          United States District Judge